# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTWANN FOBBS and JEREMIA RIVERA, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> SKYLINE FORMING, INC.; SKYLINE FORMING SOUTHEAST, INC; and SUNSHINE FORMING, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> JURY DEMAND |

## COMPLAINT

Named Plaintiffs Antwann Fobbs and Jeremia Rivera, by and through undersigned counsel, bring this action for damages and other relief on behalf of themselves and others similarly situated against Defendants Skyline Forming, Inc. and Skyline Forming Southeast, Inc. and state and allege as follows:

## NATURE OF THE ACTION

1.  This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, alleging that Defendants failed to pay Named Plaintiffs and others similarly situated for all hours worked in excess of 40 per week at the required overtime premium rate.

1

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Defendant Skyline Forming, Inc. ("Defendant Skyline") is a Georgia corporation with its principal office located at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937, as listed with the Georgia Secretary of State.

5. Defendant Skyline may be served with process by delivering a copy of the complaint and summons to its registered agent, John H. Snider, at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937.

6. Defendant Skyline Forming Southeast, Inc. ("Defendant Skyline Southeast") is a Georgia corporation with its principal office located at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937, as listed with the Georgia Secretary of State.

7. Defendant Skyline Southeast may be served with process by delivering a copy of the complaint and summons to its registered agent, John H. Snider, at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937.

8. Defendant Sunshine Forming, Inc. ("Defendant Sunshine") is a Florida corporation registered to do business in Georgia with an office located at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937, as listed with the Georgia Secretary of State.

9. Defendant Sunshine may be served with process by delivering a copy of the complaint and summons to its registered agent, John Snider, at 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937.

10. Named Plaintiffs Antwann Fobbs and Jeremia Rivera worked for Defendants within the three years preceding the filing of this action.

11. Named Plaintiffs have consented in writing to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exs. 1-2.)

12. Other similarly situated individuals are interested in joining this lawsuit, including Adrian Jones and Darius Seats, who have filed consent forms to join this lawsuit. (*See* Exs. 3-4.)

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

13. Defendants all maintain offices at the same location in Georgia: 5845 Jackaranda Drive Southeast, Mableton, Georgia, 30126-2937.

14. Defendants run a unified operation under common control for the common business purpose of providing construction services.

15. John Snider is a corporate officer of Defendants Skyline and Skyline Southeast, a vice president of Defendant Skyline, and the registered agent for all Defendants.

16. Tina Morris is a corporate officer of Sunshine Forming and a vice president of Skyline Forming.

17. Jared Klewein is a corporate officer of Defendants Skyline and Skyline Southeast and president of Defendant Skyline.

18. Defendant Skyline also maintains offices in Dallas, Texas; Houston, Texas; and Austin, Texas.

19. On information and belief, Defendant Skyline Southeast is a subsidiary of Defendant Skyline.

20. Defendants provide construction services related to elevated formwork construction projects, including estimates, preconstruction services, construction, project management, and design services.

21. At all relevant times, Defendant Skyline had, and continues to have, at least $500,000.00 in annual gross volume of sales made or business done.

22. At all relevant times, Defendant Skyline has had employees who handle goods that have traveled in interstate commerce.

23. For example, Defendant Skyline employs individuals who use construction materials and tools manufactured outside the state of Georgia in performing their job duties.

24. Defendant Skyline qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

25. On information and belief, at all relevant times, Defendant Skyline Southeast had, and continues to have, at least $500,000.00 in annual gross volume of sales made or business done.

26. At all relevant times, Defendant Skyline Southeast has had employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

27. For example, at all relevant times, Defendant Skyline Southeast has employed individuals who use construction materials and tools manufactured outside the state of Georgia in performing their job duties.

28. Defendant Skyline Southeast qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

29. On information and belief, at all relevant times, Defendant Sunshine had, and continues to have, at least $500,000.00 in annual gross volume of sales made or business done.

30. At all relevant times, Defendant Sunshine has had employees who handle goods that have traveled in interstate commerce.

31. For example, Defendant Sunshine employs individuals who use construction materials and tools manufactured outside the state of Georgia in performing their job duties.

32. Defendant Sunshine is listed on the electronic pay stubs accessible to Named Plaintiffs through Defendant Skyline's online employee payroll portal.

33. Defendant Sunshine qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

### FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

34. Defendants are subcontractors on the New Atlanta Stadium construction project, located at the intersection of Northside Drive and Martin Luther King Boulevard in Atlanta, Georgia ("New Atlanta Stadium Site").

35. Defendants employed Named Plaintiffs to work at the New Atlanta Stadium Site.

36. Named Plaintiffs and others similarly situated are individuals who are, or have been, employed by Defendants and received hourly wages for construction services at the New Atlanta Stadium Site within the three years prior to the filing of this lawsuit and continuing through the duration of this action ("Construction Workers").

37. Construction Workers perform manual labor related to forming at the New Atlanta Stadium Site.

38. For example, Construction Workers build and take down temporary platforms.

39. Construction Workers build and take down scaffolding.

40. Construction Workers clean the debris left from the demolition of this temporary formwork, such as lumber and plywood.

41. Defendants typically schedule Construction Workers to work approximately 50 to 60 hours per week.

42. Defendants require Construction Workers to work five days or more each week.

43. Defendants frequently require Construction Workers to perform weekend work on a regular basis.

44. For example, during the workweeks for which weekend work was scheduled, Defendants typically required Named Plaintiffs to work on Saturdays.

45. Defendants typically schedule Construction Workers for daily shifts beginning at 7:00 a.m. and lasting until 5:30 p.m.

46. Defendants permit Construction Workers to take an unpaid 30-minute meal period.

47. Defendants also typically permit Construction Workers to take two unpaid 15-minute breaks.

48. Defendants use a computerized timekeeping system to track hours worked by Construction Workers.

49. During times relevant to this action, however, Defendants failed to maintain accurate records of the hours worked by Construction Workers.

50. For example, Defendants require Construction Workers to arrive at the New Atlanta Stadium Site approximately 20 minutes before the beginning of their scheduled shifts.

51. Defendants require Construction Workers to clock in before their scheduled shifts.

52. Defendants require Construction Workers to attend safety meetings before their scheduled shifts.

53. Defendants require Construction Workers to work before their scheduled shifts.

54. Defendants review and modify Construction Workers' time sheets.

55. Defendants deduct the time that Construction Workers record before their scheduled shifts from their time sheets.

56. By failing to maintain accurate time records, Defendants violated the FLSA's recordkeeping requirement.

## COUNT ONE: WILLFUL FAILURE TO PAY OVERTIME

57. At all times relevant to this action, the FLSA required Defendants to pay Construction Workers at an overtime rate of not less than one and one half times the regular rate for hours worked in excess of 40 per week pursuant to 29 U.S.C. § 207.

58. However, Defendants failed to compensate Construction Workers for all hours worked, including those in excess of 40 per week.

59. For example, Defendants failed to compensate Construction Workers for time worked before their scheduled shifts, even though Construction Workers had clocked in and recorded their hours.

60. Defendants' failure to pay Construction Workers for hours worked in excess of 40 per week at a rate of not less than none and one half times the regular rate was in violation of the FLSA.

61. Defendants' attempts to evade paying the required overtime rate by altering Construction Workers' time sheets were without legal basis.

62. Defendants' violations were willful within the meaning of 29 U.S.C. § 255.

63. Defendants are jointly and severally liable to Named Plaintiffs and others similarly situated for unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that:

I. The Court enter declaratory judgment in favor of Plaintiffs that Defendants violated the FLSA;

II. The Court enter judgment against Defendants that their violations of the FLSA were willful;

III. The Court award Plaintiffs all unpaid wages as provided for by the FLSA;

IV. The Court award Plaintiffs liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V. The Court award Plaintiffs reasonable costs and attorney's fees as provided for by the FLSA; and

VI. Plaintiffs receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:     April 17, 2015.

s/John L. Mays

| | |
|---|---|
| MAYS & KERR LLC<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, Georgia 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (404) 855-4066<br>john@maysandkerr.com | _____<br>John L. Mays<br>Georgia Bar No. 986574<br><br><br><br>Counsel for Plaintiffs |